```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

| | | |
|---|---|---|
| Mark E. Hurst, | : | |
|     Plaintiff, | : | Case No. 2:14-cv-2601 |
| v. | : | |
| State of Ohio Bureau of Investigation and Identification, et al., | : : | JUDGE ALGENON L. MARBLEY<br>Magistrate Judge Kemp |
|     Defendants. | : | |

| | | |
|---|---|---|
| Mark E. Hurst, | : | |
|     Plaintiff, | : | Case No. 2:14-cv-2657 |
| v. | : | |
| Christian Robertson, et al., | : | JUDGE ALGENON L. MARBLEY<br>Magistrate Judge Kemp |
|     Defendants. | : | |

| | | |
|---|---|---|
| Mark E. Hurst, | : | |
|     Plaintiff, | : | Case No. 2:14-cv-2658 |
| v. | : | |
| City and Citizens of Newark, Ohio, et al., | : : | JUDGE ALGENON L. MARBLEY<br>Magistrate Judge Kemp |
|     Defendants. | : | |

### REPORT AND RECOMMENDATION

On December 12, 2014, Plaintiff Mark E. Hurst filed a motion for leave to proceed *in forma pauperis* and a proposed civil complaint in Case No. 2:14-cv-2601 seeking relief against defendants the State of Ohio Bureau of Investigation and

Identification and Diamond Boggs.  On December 18, 2014, Mr. Hurst filed a motion for leave to proceed *in forma pauperis* and a proposed civil complaint in Case No. 2:14-cv-2657 seeking relief against defendants Christian Robertson, Richard Day, and Jobes, Henderson Assoc., et al. ("Jobes, Henderson Assoc.").  Also on December 18, 2014, Mr. Hurst filed a motion for leave to proceed *in forma pauperis* and a proposed civil complaint in Case No. 2:14-cv-2658 seeking relief against defendants the City and Citizens of Newark, Ohio, Newark Police Chief Green, Newark Police Officer Trotter, Newark Police Officer Brandi Huffman, and Newark Police Detective Robert Huffman.  On January 8, 2015, this Court issued a related case memorandum, assigning Case No. 2:14-cv-2601, Case No. 2:14-cv-2657, and Case No. 2:14-cv-2658 to the same trial judge.

In Case No. 2:14-cv-2657, the Court granted Mr. Hurst's motion to proceed *in forma pauperis*.  This Court agrees that Mr. Hurst qualifies financially for a waiver of the filing fee, and, consequently, the motions to proceed *in forma pauperis* filed in Case No. 2:14-cv-2601 (Doc. 1) and Case No. 2:14-cv-2658 (Doc. 1) are **GRANTED**.  Because Mr. Hurst is not paying a filing fee, however, his complaints in each case are subject to an initial screening pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915(a).  For the following reasons, based on the Court's review of the complaints, it will be recommended that each case be **DISMISSED** in its entirety.

I. Factual Background

Mr. Hurst's complaints relate to his conviction in the Court of Common Pleas for Licking County, Ohio for pandering obscenity involving a minor in violation of O.R.C. §2907.321(A)(5) (Count I); pandering sexually-oriented matter involving a minor in violation of O.R.C. §2907.322(A)(5) (Count II); and illegal use of a minor in nudity-oriented material or performance, in

violation of O.R.C. §2907.323(A)(3)(Count III).  Mr. Hurst was sentenced to fifteen months of incarceration on Count I, an additional fifteen months on Count II, and nine months on Count III to be served consecutively, for a total sentence of thirty-nine months of incarceration.  After serving all thirty-nine months, Mr. Hurst was released.

In his complaint in Case No. 2:14-cv-2601, Mr. Hurst alleges that the State of Ohio Bureau of Investigation and Identification and its employee Diamond Boggs violated his civil and constitutional rights by tampering with and withholding evidence found on the computer he used at his place of employment, Robertson Construction.  Evidence from the computer was introduced at Mr. Hurst's trial in the Court of Common Pleas for Licking County, Ohio, which led to his conviction.  According to Mr. Hurst, Ms. Boggs did not perform a complete and comprehensive examination of the computer, she "cherry picked" the evidence which she presented at trial, and she enlarged and improved the resolution of the images found on the computer before presenting them to jury.  (Doc. 1 at 5).  Finally, Mr. Hurst claims that Ms. Boggs should have produced the entire history of the computer, which he claims could have cleared him of any charges.  Based on the foregoing, Mr. Hurst alleges that the State of Ohio Bureau of Investigation and Identification and Ms. Boggs denied him a full and fair trial in the Court of Common Pleas.

In his complaint in Case No. 2:14-cv-2657, Mr. Hurst alleges that a different group of defendants also violated his civil and constitutional rights.  More specifically, Mr. Hurst alleges that Robertson Construction's Chief Executive Officer, Christian Robertson, instructed Richard Day, an employee of Jobes, Henderson Assoc., to investigate the office computer suspected of containing pornography.  Mr. Hurst explains that Jobes, Henderson Assoc. was the company responsible for installing and maintaining

the computer systems at Robertson Construction.  Mr. Hurst alleges that once Mr. Day discovered "what he suspected was child pornography," it was illegal for him to continue to access the computer under O.R.C. §2907.  (Doc. 1 at 6).  Mr. Hurst states that, despite knowing this, Mr. Day:

> accessed said computer no less than five (5) times, post finding the alleged child pornography, and his subordinate assistant, Todd (last name unknown) access [sic] said computer two (2) times. Once to make (burn) two (2) compact disks (CDs), and once to take said computer off the Robertson Construction net-work.

Id. at 7.  Mr. Hurst alleges that Jobes, Henderson Assoc. is liable based on the actions of its employee, Mr. Day.  In addition, Mr. Hurst asserts that Mr. Robertson and Mr. Day were acting as agents of the State of Ohio, making them subject to liability under 42 U.S.C. §1983, because Mr. Robertson directed Mr. Day to investigate the computer after being given the authority to do so by Newark Ohio Police Officers Trotter and Huffman.  Finally, Mr. Hurst alleges that Mr. Robertson made false statements to Newark Police Officers regarding how long the computer was in use and who used the computer prior to Mr. Hurst's employment at Robertson Construction.  Based on the foregoing, Mr. Hurst states that Mr. Robertson and/or Robertson Construction, Mr. Day, and Jobes, Henderson Assoc. violated his right to a full and fair trial.

In his complaint in Case No. 2:14-cv-2658, Mr. Hurst alleges that the City and Citizens of Newark, Ohio, Newark Police Chief Green, Newark Police Officer Trotter, Newark Police Officer Brandi Huffman, and Newark Police Detective Robert Huffman also violated his civil and constitutional rights.  More specifically, Mr. Hurst alleges that Police Chief Green failed to properly train Newark police officers with respect to "investigating, handling, gathering, and storing computers and computer

4

evidence." (Doc. 1 at 6). Mr. Hurst further alleges that, because the City employed Police Chief Green and the citizens of Newark, Ohio elected Police Chief Green to that position, they are also responsible for his actions. In particular, Mr. Hurst maintains that Police Chief Green, along with Officers Trotter and Huffman, is responsible for illegally directing Mr. Day, a layperson, to "investigate [the] crime scene." Id. Mr. Hurst further alleges that Officer Huffman and Detective Huffman handled evidence improperly. On this basis, Mr. Hurst states that the City and Citizens of Newark, Ohio, Newark Police Chief Green, Newark Police Officer Trotter, Newark Police Officer Huffman, and Newark Police Detective Huffman also violated his right to a full and fair trial.

## II. Legal Standard

The ability to proceed *in forma pauperis* was established by Congress under 28 U.S.C. §1915 in order to provide greater means of access to the judicial system for the indigent. Denton v. Hernandez, 504 U.S. 25, 31 (1992). The statute allows, with proper showing of financial need, a petitioner to proceed in an action "without prepayment of fees or security thereof." 28 U.S.C. §1915(a)(1). However, 28 U.S.C. §1915(e)(2) requires the Court to "dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit is frivolous if it lacks any arguable foundation in either fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted, if, after accepting as true all well-pleaded allegations of the complaint, the allegations do not "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is mindful

5

that pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972); see also Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).  With these standards in mind, the Court conducts an initial screening of Mr. Hurst's complaints.

### III. Discussion

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

Id. (footnotes omitted).  Thus, when evaluating a §1983 claim related to a conviction, the Court must determine whether granting judgment in the plaintiff's favor would undermine or invalidate the conviction or sentence.  Id. at 487.  If it would, the complaint must be dismissed unless there is evidence that the conviction or sentence has been invalidated.  Id.

Because Mr. Hurst's claims in each case involve, among other things, an illegal search and tainting and destroying evidence which ultimately led to his conviction, the Court concludes that Heck bars these claims.  Although Mr. Hurst argues against this conclusion by claiming that he is not challenging his sentence or conviction, that any such challenge would be moot because the statute of limitations has run with respect to such an action, and, finally, that he has served his entire sentence and been released from prison, clearly a ruling in Mr. Hurst's favor would undermine his conviction and sentence.  Because Mr. Hurst does

not allege that his conviction or sentence has been invalidated, he cannot successfully bring a §1983 claim for the claims asserted.  See, e.g., Ruiz v. Hofbauer, 2009 WL 1421108, at *3 (6th Cir. May 20, 2009)(finding §1983 claims necessarily attacked the validity of prisoner's assault conviction); Bodle v. Linhardt, 2013 WL 2481250, at *5-6 (M.D. June 10, 2013)(claims that defendants withheld exculpatory evidence, destroyed or failed to preserve exculpatory evidence, and tampered with other evidence are barred by Heck).

Furthermore, even if one or more of Mr. Hurst's claims were not barred by Heck, they would likewise be subject to dismissal based on statute of limitations grounds.  Although the statute of limitations is normally an affirmative defense raised by defendants in an answer, the district court may raise the issue sua sponte if the "defense is obvious from the face of ... [the] complaint."  Boddie v. Barstow, et al., No. 14-3592, slip op. at 3 (6th Cir. Feb. 2, 2015), quoting Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)(internal quotation marks omitted).  The statute of limitations applicable to claims arising under 42 U.S.C. §1983 is two years.  See Banks v. Whitehall, 344 F.3d 550, 553 (6th Cir. 2003).  As the Court of Appeals observed recently, the statute of limitations "generally begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action," and a plaintiff "has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."  Boddie, No. 14-3592, slip op. at 3, citing Scott v. Ambani, 577 F.3d 642, 646 (6th Cir. 2009).

Mr. Hurst acknowledges that a two-year statute of limitations applies to his claims, but he appears to argue that the statute of limitations should be tolled based on a decision relevant to his state court conviction issued by the State Court of Appeals on December 20, 2012.  See Doc. 1 at 3 in Case No.

7

2:14-cv-2601; Doc. 1 at 3 in Case No. 2:14-cv-2657; Doc. 1 at 3 in Case No. 2:14-cv-2658.  The relevant law, however, requires the Court to examine when Mr. Hurst knew or had reason to know of the injury that is the basis of his actions.  Here, all of the conduct alleged in the complaints necessarily occurred before August 6, 2008, the date of Mr. Hurst's conviction.  Mr. Hurst filed the complaint in Case No. 2:14-cv-2601 on December 12, 2014, and the complaints in Case No. 2:14-cv-2657 and Case No. 2:14-cv-2658 on December 18, 2014.  Consequently, it is clear that the complaints were not filed within two years of the events in question, and that the statute of limitations would bar further prosecution of these cases.

### IV. Recommended Disposition

Based upon the foregoing, it is recommended that Case No. 2:14-cv-2601, Case No. 2:14-cv-2657, and Case No. 2:14-cv-2658 be dismissed in their entirety.  Should this recommendation be adopted, the Court should mail a copy of the complaint, this Report and Recommendation, and the Court's order of dismissal to the defendants.

### V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have a district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P Kemp
United States Magistrate Judge