IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Mark E. Hurst,** | : | |
| | : | Case No. 2:14-cv-2601 |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| **State of Ohio Bureau of Investigation and Identification,** *et al.***,** | : | Magistrate Judge Kemp |
| | : | |
| **Defendants.** | : | |
| | | |
| **Mark E. Hurst,** | : | |
| | : | Case No. 2:14-cv-2657 |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| **Christian Robertson,** *et al.***,** | : | Magistrate Judge Kemp |
| | : | |
| **Defendants.** | : | |
| | | |
| **Mark E. Hurst,** | : | |
| | : | Case No. 2:14-cv-2658 |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | |
| | : | |
| **City and Citizens of Newark, Ohio,** *et al.***,** | : | Magistrate Judge Kemp |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Plaintiff Mark E. Hurst's Objections (Doc. 3)[1] to the Magistrate Judge's February 2, 2015 **Report and Recommendation** (Doc. 2),

---

[1] Unless otherwise indicated, document numbers in this Opinion & Order refer to those of Case No. 2:14-cv-2601.

1

recommending that each of Hurst's three cases be dismissed in its entirety.  Upon independent review by the Court, and for the reasons set forth below, Hurst's Objections are **OVERRULED**. The Court hereby **ACCEPTS and AFFIRMS** the Magistrate Judge's **Report and Recommendation**, thereby **DISMISSING** Case No. 2:14-cv-2601, Case No. 2:14-cv-2657, and Case No. 2:14-cv-2658 in their entirety.

## I. BACKGROUND

### 1. Factual Background

Magistrate Judge Kemp fully set forth the facts of the three cases in his February 4, 2015 Report and Recommendation.  (Doc. 2, PageID 21-25).  Neither party contested the Magistrate Judge's summary of the facts.  Accordingly, this Court adopts that recitation of facts in its entirety.  In short, these cases are civil rights actions under 42 U.S.C. § 1983 in which Hurst, a former state prisoner, alleges that he was denied a full and fair trial in the Court of Common Pleas for Licking County, Ohio, where he was sentenced to a total of thirty-nine months for pandering obscenity involving a minor, in violation of O.R.C. § 2907.321(A)(5); pandering sexually-oriented matter involving a minor, in violation of O.R.C. § 2907.322(A)(4); and illegal use of a minor in nudity-oriented material or performance, in violation of O.R.C. § 2907.323(A)(3).  (*See* Doc. 2, PageID 22-23).  It was only after serving all thirty-nine months of his sentence that Hurst brought forth the allegations set forth in the three cases now before the Court.

### 2. Procedural Background

On December 12, 2014, Mark E. Hurst, a former inmate, filed a complaint in Case No. 2:14-cv-2601 seeking relief against defendants the State of Ohio Bureau of Investigation and

Identification and Diamond Boggs. On December 18, 2014, Hurst filed a complaint in Case No. 2:14-cv-2657 seeking relief against defendants Christian Robertson, Richard Day, and Jobes, Henderson Assoc., *et al*. Also on December 18, 2014, Hurst filed a complaint in Case No. 2:14-cv-2658 seeking relief against defendants the City and Citizens of Newark, Ohio, Newark Police Chief Green, Newark Police Officer Trotter, Newark Police Officer Brandi Huffman, and Newark Police Detective Robert Huffman. On January 8, 2015, this Court issued a memorandum consolidating the three cases. (Case No. 2:14-cv-2657 Doc. 4; Case No. 2:14-cv-2658 Doc. 2). On February 4, 2015, the Magistrate Judge issued a Report and Recommendation recommending that each of Hurst's cases be dismissed in its entirety. (Doc. 2). On February 18, 2015, Hurst filed objections to the Report and Recommendation. (Doc. 3). Defendants did not file a response in opposition. This matter is now ripe for review.

## II. LEGAL STANDARDS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Only *specific* objections are entitled to a de novo review. *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) ("The parties have the duty to pinpoint those portions of the Magistrate Judge's report that the district court must specially consider."). After this review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

3

In the instant case, the Magistrate Judge reviewed Hurst's complaints under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Hurst's complaints, or any portion thereof, which were frivolous or malicious, failed to state a claim on which relief may be granted, or sought monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  The Court is mindful that *pro se* complaints are to be construed liberally in favor of the *pro se* party.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. ANALYSIS

Hurst objects to the Magistrate Judge's recommendation on two grounds.  He argues that the Magistrate Judge: (1) erred in concluding that the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Hurst's claims; and (2) incorrectly found that Hurst's claims are barred by the statute of limitations.  In light of these arguments, Hurst contends that the Magistrate Judge's recommendation dismissing the three cases should be rejected.  The Court will consider each of Hurst's objections in turn.

#### A.  Hurst's Claims Are Barred by *Heck v. Humphrey*

In *Heck v. Humphrey*, the United States Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994) (footnote omitted).  Thus, when evaluating a § 1983 claim related to a conviction, the Court must determine whether granting judgment in the plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.  If it would,

4

"the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Here, the Magistrate Judge concluded that, because Hurst's § 1983 claims in each case involve, among other things, an illegal search and tainting and destroying evidence which ultimately led to his conviction, the claims are barred by *Heck*.  Hurst argues against this conclusion by claiming that he is not challenging his sentence or conviction, only the unlawful actions of persons who conducted the investigations in his criminal case. (Doc. 3, PageID 31-32).  Hurst's argument is without merit.  *Heck* applies whenever a § 1983 claim "would necessarily *imply* the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487 (emphasis added).  In other words, *Heck* applies so long as a § 1983 claim undermines the plaintiff's conviction or sentence, even if the plaintiff bringing the claim does not *explicitly* challenge his or her conviction or sentence. *See Jacob v. Killian*, 437 Fed. App'x 460, 462 (6th Cir. 2011) (noting that a claim that "would undermine the validity of [a] sentence" would "be contrary to *Heck v. Humphrey*").  In this case, it is clear that a ruling in Hurst's favor would undermine his conviction and sentence because his claims, which involve an illegal search and destroying evidence, necessarily imply the invalidity of his conviction and sentence. *See, e.g.*, *Heck*, 512 U.S. at 479 (plaintiff's § 1983 complaint appropriately dismissed, where the claims alleged that defendants had, among other things, knowingly destroyed evidence); *Hunt v. Michigan*, 482 Fed. App'x 20, 21-22 (6th Cir. 2012) (plaintiff's § 1983 claim alleging an illegal search implied the invalidity of his conviction and thus was barred by *Heck*).

### B.  Assuming Hurst's Claims Are Not Barred By *Heck v. Humphrey*, They Would be Barred by the Statute of Limitations

Although the statute of limitations is normally an affirmative defense raised by defendants in an answer, "if a statute of limitations defense clearly appears on the face of a

pleading, the district court can raise the issue sua sponte." *Watson v. Wayne County*, 90 Fed. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also Alston v. Tenn. Dep't of Corr.*, 28 Fed. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."). Moreover, "[w]here a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Fraley v. Ohio Galia Cnty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998). While state law provides the statute of limitations to be applied in a § 1983 action, federal law governs when that limitations period begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273.

Significantly, it is true that "*Heck* modified the general rule of accrual for § 1983 actions by 'delay[ing] what would otherwise be the accrual date of a tort action until the setting aside of an *extant conviction* which success in that tort action would impugn.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)). Put another way, under *Heck*, "a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever." *Id.* However, assuming Hurst's claims are *not* barred by *Heck,* they do not benefit from the rule that a claim so barred does not accrue until the state conviction has been overturned. *See, e.g.*, *Eidson v. State of Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 641 (6th Cir. 2007) (holding that *Heck* did not apply, but that plaintiff's § 1983 claims were nonetheless time-barred).

6

Here, Hurst's claims arise under 42 U.S.C. § 1983. In Ohio, a two-year statute of limitations applies to § 1983 claims. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). Hurst does not dispute that the two-year statute of limitations applies to his claims. (*See* Doc. 33, PageID 33). Nor does he dispute that the conduct alleged in his complaints necessarily occurred before August 6, 2008, the date of his conviction. (*Id.*). Rather, he contends that "an actionable harm does not occur until an action by someone is used to harm another." (*Id.*) Specifically, Hurst argues that the statute of limitations should be tolled until December 20, 2012, the date the state court of appeals entered a final judgment entry relevant to his conviction. (*Id.*; *see also* Doc. 1, PageID 19). Hurst's argument is legally baseless. The relevant law requires the Court to examine when Hurst knew or had reason to know the injuries which are the basis of his actions. In *D'Ambrosio*, for example, the plaintiff argued that the statute of limitations on his § 1983 claim did not begin to run "until after the state court criminal proceedings against the plaintiff have 'terminated' in the plaintiff's favor," which, in the plaintiff's view, did not occur until as long as the state retained the ability to retry the plaintiff. 747 F.3d at 384. The court rejected the plaintiff's position, stating as follows:

> Because an action generally accrues "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred," we typically determine the accrual of a § 1983 action by "look[ing] to the event that should have alerted the typical lay person to protect his or her rights." Here, the application of the general rule would indicate that [plaintiff's] cause of action accrued—and *the limitations period began—when [plaintiff] discovered that the exculpatory evidence in question had not been disclosed to him.*

*Id.* (emphasis added) (citation omitted).

As Hurst acknowledges, the conduct alleged in his complaints necessarily occurred before August 6, 2008, the date of his state court convictions. (Doc. 3, PageID 33). Among other things, Hurst argues that the defendants violated his civil and constitutional rights by

7

tampering with and withholding evidence found on his workplace computer. (Doc. 2, PageID 23). Hurst filed the complaint in Case No. 2:14-cv-2601 on December 12, 2014, and the complaints in Case No. 2:14-cv-2657 and Case No. 2:14-cv-2658 on December 18, 2014. It is clear that the complaints were not filed within two years of the events in question. Furthermore, assuming the defendants did indeed violate Hurst's civil and constitutional rights by tampering with and withholding evidence, Hurst knew or had reason to know of such conduct by August 6, 2008, at the latest. Thus, the Magistrate Judge correctly determined that Ohio's 2-year statute of limitations for § 1983 claims would bar Hurst's claims if they were not already barred by *Heck*.

## IV. CONCLUSION

For these reasons, Hurst's Objections (Doc. 3) to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ACCEPTS and AFFIRMS** the Magistrate Judge's **Report and Recommendation** (Doc. 2). Case No. 2:14-cv-2601, Case No. 2:14-cv-2657, and Case No. 2:14-cv-2658 are all **DISMISSED**.

**IT IS SO ORDERED.**

                                              <u>s/ Algenon L. Marbley</u>
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**DATED: April 22, 2016**